ams
# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **CHERYL RANDOLPH, Derivatively on Behalf of SPRINT NEXTEL CORP.,** ) ) ) | |
| **Plaintiff,** ) ) | |
| vs. ) ) | Case No. 10-2445-JAR-JPO |
| **GARY D. FORSEE, ET AL.,** ) ) | |
| **Defendants,** ) ) | |
| **SPRINT NEXTEL CORP.,** ) ) | |
| **Nominal Defendant.** ) ) | |

## MEMORANDUM AND ORDER

This is a shareholder derivative action brought on behalf of nominal defendant Sprint Nextel Corporation that was removed from the District Court of Johnson County, Kansas on August 11, 2010. The Petition alleges state law claims for breaches of fiduciary duties, waste of corporate assets, and unjust enrichment. On the same day that defendants removed this action, they filed a Motion to Consolidate (Doc. 6) with *Arthur I. Murphy, Jr., et al. v. Gary D. Forsee, et al.*, No. 09-2242-EFM ("the Murphy action"). The Murphy action is a removed action that has been stayed pending a decision on the motion to dismiss for failure to state a claim in a related case before Judge Melgren, *Cora E. Bennett v. Sprint Nextel Corp., et. al.*, 09-2122-EFM ("the Bennett action").[1] There are no jurisdictional issues pending before Judge Melgren in either the Murphy or the Bennett actions.

---

[1] The Bennett and Murphy actions are not consolidated.

Plaintiff has not filed a response to the motion to consolidate. Instead, she filed a Cross-Motion for Extension of Time (Doc. 23), arguing that this case should be remanded and that the Court should order briefing and render a decision on the motion to remand prior to considering defendants' motion to consolidate. Defendants take the position in their response to the cross-motion that the cross-motion constitutes the response to the motion to consolidate; therefore, defendants' response to the cross-motion represented the final brief on the motion to consolidate. The Court disagrees. Rather than file a motion for extension of time, plaintiff requests in her "cross-motion" that the Court abate briefing on the motion for consolidation and instead set a briefing schedule for plaintiff's then-forthcoming motion to remand.[2] Plaintiff asks that the Court extend her time to respond to the motion to consolidate until fourteen days after the motion for remand is decided. Therefore, plaintiff's cross-motion seeks: (1) an extension of time to respond to the motion to consolidate; and (2) an expedited briefing schedule and decision on the motion to remand that will precede her response on the motion to consolidate.

As to the issue of priority, plaintiff urges that remand should be decided first, as it implicates the Court's subject matter jurisdiction over this action. Defendants respond that the Murphy, Bennett, and Randolph actions share common questions of federal securities law and fact; therefore, consolidation before the motion to remand is decided is in the interest of judicial efficiency. Defendants make the conclusory statement that the jurisdictional issues "apply fully to the Murphy Action." The Bennett Complaint alleges violations of the Securities Exchange Act of 1934, so it is clearly based on federal question jurisdiction. The Murphy Complaint is a shareholder derivative action on behalf of Sprint Nextel Corp., alleging violations of state law,

---

[2]Plaintiff filed the motion to remand on October 4, 2010 (Doc. 28).

2

including breaches of fiduciary duties, abuse of control and gross mismanagement. The parties in the Murphy Action filed a joint motion to stay the case on June 9, 2009, pending resolution of a motion to dismiss for failure to state a claim in the Bennett action. Notably, there is no pending motion to remand in the Murphy action.

Federal courts are courts of limited jurisdiction and, as such, must have a statutory or Constitutional basis to exercise jurisdiction.[3] The court is required to remand "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction."[4] As the party invoking the federal court's jurisdiction, defendants carry the burden of demonstrating that the requirements for exercising jurisdiction are present.[5] Because federal courts are courts of limited jurisdiction, the law imposes a presumption against federal jurisdiction,[6] and requires a court to deny its jurisdiction in all cases where such jurisdiction does not affirmatively appear in the record.[7] "Doubtful cases must be resolved in favor of remand."[8]

The Court finds that the motion to remand should take priority over the motion for consolidation. Because this Court is of limited jurisdiction, it should determine that it has

---

[3] *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002); *see United States v. Hardage,* 58 F.3d 569, 574 (10th Cir. 1995) ("Federal courts have limited jurisdiction, and they are not omnipotent. They draw their jurisdiction from the powers specifically granted by Congress, and the Constitution, Article III, Section 2, Clause 1.") (internal citations omitted).

[4] 28 U.S.C. § 1447(c).

[5] *See Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001) (citation omitted), *aff'd*, 126 S. Ct. 704 (2005).

[6] *Frederick & Warinner v. Lundgren*, 962 F. Supp. 1580, 1582 (D. Kan. 1997) (citing *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974)).

[7] *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982).

[8] *Thurkill v. The Menninger Clinic, Inc.*, 72 F. Supp. 2d 1232, 1234 (D. Kan. 1999) (citing *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995), *cert. denied*, 516 U.S. 863 (1995) (further citations omitted)).

3

subject matter jurisdiction before it exercises jurisdiction by granting the motion to consolidate. Defendants cite to a number of cases deferring ruling on motions to remand in MDL cases until after the case is transferred.[9] There is no indication that this case is involved in MDL litigation. Moreover, the Court does not find that deciding consolidation first is in the interest of judicial economy. There is no motion to remand pending in the Murphy action, so it does not appear that the Court runs the risk of potentially inconsistent rulings if it decides the jurisdictional issue prior to consolidation. For these reasons, the Court grants plaintiff's cross-motion to prioritize a decision on the motion to remand over the motion for consolidation.

The second part of plaintiff's cross-motion requests an expedited briefing schedule on the motion to remand and an extension of time to respond to the motion for consolidation until after a decision on the motion to remand. The Court grants in part and denies in part this request. The Court finds no need to expedite the briefing on plaintiff's motion to remand. The local rule governing dispositive motions shall govern the parties' deadlines for the motion to remand.[10] If the Court denies plaintiff's motion to remand, plaintiff shall file her response to the motion to consolidate within fourteen (14) calendar days from the date of the Court's order. Defendants may file a reply within fourteen (14) calendar days from the date of the response.

**IT IS THEREFORE ORDERED BY THE COURT** that plaintiff's Cross-Motion for Extension of Time (Doc. 23) is granted in part and denied in part. It is granted to the extent plaintiff requests that the Court decide the motion to remand prior to the motion to consolidate. The motion is denied to the extent it seeks to expedite briefing on the motion to remand.

---

[9]*E.g., Hunter v. Merck & Co.*, No. 04-2518-CM, 2004 WL 5570733 (D. Kan. Dec. 20, 2004); *In re Enron Corp. Sec., Derivative & "ERISA" Litig.*, 227 F. Supp. 2d 1389 (J.P.M.L. 2002).

[10]D. Kan. R. 6.1(d).

If the Court denies plaintiff's motion to remand, plaintiff shall file a response to the motion to consolidate no later than fourteen (14) calendar days after the Court's Order is filed. Defendants may file a reply no later than fourteen (14) calendar days after service of the response.

**IT IS SO ORDERED.**

Dated: October 7, 2010

          S/ Julie A. Robinson
          JULIE A. ROBINSON
          UNITED STATES DISTRICT JUDGE